

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

MARC LESTERHUIS,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

———————————————————————

**DECISION AND ORDER**

6:12-CV-06626 EAW

## INTRODUCTION

Plaintiff Marc Lesterhuis ("Plaintiff") moves for attorneys' fees in the amount of $18,498.00, pursuant to 42 U.S.C. § 406(b). (Dkt. 26). The Commissioner of Social Security ("the Commissioner") does not object to the request. (Dkt. 28). For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

On November 15, 2012, Plaintiff filed this action, seeking review of the final decision of the Commissioner denying his application for Social Security Disability Insurance Benefits. (Dkt. 1). Plaintiff on May 14, 2013 (Dkt. 5), and the Commissioner on May 16, 2013 (Dkt. 6), moved for judgment on the pleadings. By Decision and Order filed on August 11, 2014, this Court affirmed the Commissioner's decision and dismissed Plaintiff's complaint. (Dkt. 17). Plaintiff then filed an appeal on October 8, 2014. (Dkt. 19).

On November 6, 2015, the Second Circuit vacated this Court's judgment and remanded for further administrative proceedings. (Dkt. 23). By Stipulation and Order filed

- 1 -

on November 18, 2015, the parties agreed that Plaintiff's counsel was entitled to $13,750.00 for services performed and $350 and $505 for costs incurred in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Dkt. 21).

On remand, the Administrative Law Judge ("ALJ") issued a decision, dated May 18, 2018, finding Plaintiff entitled to disability insurance benefits for the period of July 12, 2008, through October 4, 2013. (Dkt. 26-1 at 39). Following that decision, on September 11, 2018, the Commissioner determined that Plaintiff was entitled to past-due benefits in the amount of $97,992.00. (*See id.* at 42).

On October 10, 2018, Plaintiff moved for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Dkt. 26). Plaintiff's counsel seeks $18,498.00, which represents the statutory cap of 25% of the past-due benefits granted in the Commissioner's award notice less the $6,000.00 already paid for work done at the administrative level. (*See* Dkt. 29 at 2). Counsel states that if he receives the requested fee, he will refund to Plaintiff the EAJA fee. (*Id.*).

The Commissioner filed a response, stating that he has no objection to Plaintiff's counsel's fee request, that the *de facto* hourly rate of $249.80 does not appear to be a windfall to Plaintiff's counsel, and that there is no evidence of fraud or overreaching. (Dkt. 28 at 2). The Commissioner further noted that Plaintiff's counsel is presumed to have received the Notice of Award on September 17, 2018, and that Plaintiff's counsel filed the instant motion on October 10, 2018, 23 days later. (*Id.* at 3). While declining to take any position on the timeliness of the motion, the Commissioner provided a brief outline of the

then-unsettled state of the law on this issue. (*Id.*). Although the Commissioner did not expressly object to the motion on timeliness grounds, the implication of the Commissioner's discussion raises the timeliness issue for consideration.

## DISCUSSION

### I. Timeliness

Section 406(b) does not contain a time limitation for filing fee applications. As such, pursuant to Fed. R. Civ. P. 54(d), "[u]nless a statute or a court order provides otherwise, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment," which includes "any order from which an appeal lies." Fed. R. Civ. P. 54(d)(2)(B), 54(a); *see Sinkler v. Berryhill*, 932 F.3d 83, 87-91 (2d Cir. 2019). At the time the pending motion for attorneys' fees was filed, on October 10, 2018, this district's local rules did not contain a provision setting forth a deadline for the filing of any such motion. Thus, Rule 54(d)'s 14-day time limit applied.[1]

However, application of Rule 54(d)(2)(B) to assess the timeliness of a § 406(b) application creates a "practical problem" because "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands." *Sinkler*, 932 F.3d at 87. As a result, "Rule 54(d)(2)(B) may present 'a deadline that cannot

---

[1] Subsequent to this Court's decision in *Sinkler v. Berryhill*, 305 F. Supp. 3d 448 (W.D.N.Y. 2018), but prior to the Second Circuit's affirmance of that decision, the Western District of New York adopted a local rule allowing 65 days for the filing of an attorneys' fees motion pursuant to § 406(b). *See* W.D.N.Y. Loc. R. Civ. P. 5.5(g)(1). Since the local rule was not in place at the time the pending motion was filed and in view of the Second Circuit's comments regarding that local rule, *see* 932 F.3d at 89 n. 6, this Court will not rely on the local rule in resolving the pending motion.

- 3 -

be met' within fourteen days of that judgment." *Id.* (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010)).

To rectify this timing conflict, the Second Circuit recently held on August 2, 2019, that the 14-day filing period is subject to equitable tolling when § 406(b) motions require "await[ing] the SSA Commissioner's calculation of benefits" following a district court's remand. *Sinkler*, 932 F.3d at 91. "In that circumstance, the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation." *Id.* However, the "fourteen-day limitations period is not absolute." *Id.* at 89. "[D]istrict courts are empowered to enlarge that filing period where circumstances warrant" because Rule 54(d)(2)(B) expressly provides that the 14-day period applies "[u]nless a . . . court order provides otherwise." *Id.* at 89-90 ("[W]here, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case as, for example, when a party needs more time to assemble and file the administrative record.").

Here, Plaintiff's counsel was presumed to have received notice of the award on September 17, 2018 (Dkt. 28 at 3), which is also the day the 14-day limitations period began to run. Plaintiff's counsel filed his § 406(b) motion on October 10, 2018—nine days after October 1, 2018, the expiration of the 14-day period. (*See* Dkt. 26). Plaintiff's counsel argues an extension is warranted due to "the unsettled nature of the timeliness issue within the Second Circuit" and because prior to *Sinkler*, courts would have found a § 406(b) motion submitted 23 days after the receipt of a notice of award "reasonable." (Dkt. 29 at 2-3).

As explained by the Second Circuit in *Sinkler*, this Court is free to "enlarge th[e] filing period where circumstances warrant." 932 F.3d at 89. Here, Plaintiff filed the motion just nine days after the 14-day deadline—a short delay in marked contrast to the six-month delay in *Sinkler*. *See Tanner v. Comm'r of Soc. Sec.*, No. 5:15-CV-577 (TJM/ATB), 2018 WL 6521585, at *3 (N.D.N.Y. Dec. 12, 2018) (finding nineteen days between notice of award and counsel's filing motion for fees reasonable); *Rodriguez v. Berryhill*, No. 5:16-CV-0262 (DEP), 2017 WL 2929470, at *4 (N.D.N.Y. July 10, 2017) (granting motion for fees where almost two month delay between notice of award and counsel's filing motion for fees). Further, the Court agrees that the law was unsettled in this Circuit at the time the pending motion was filed, with this Court's April 11, 2018, decision in *Sinkler* pending on appeal before the Second Circuit. Prior to that time, the Second Circuit had not yet addressed the issue of assessing the timeliness of § 406(b) motions and district courts had taken different approaches. Additionally, unlike the plaintiff's counsel in *Sinkler*, counsel for Plaintiff in this case has offered a justification for the short delay in filing the pending motion. As such, the Court finds an extension of Rule 54(d)'s 14-day filing period is warranted.

**II.     Reasonableness**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25% of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25% of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney was responsible for any

delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Here, the Court finds the requested fee is reasonable. On September 11, 2018, the agency sent Plaintiff a notice of award, which provided that his past-due benefits would be $97,992.00, and that 25% of that amount ($24,498.00) was withheld to pay attorneys' fees. (Dkt. 26-1 at 42). The notice also provided that pursuant to 42 U.S.C. § 406(a), counsel would be paid $6,000.00 for work done at the administrative level, and that pursuant to 42 U.S.C. § 406(b), counsel may be paid an additional $18,498.00 for work done before the Court ($24,498.00 less the $6,000.00 paid for attorneys' fees at the administrative level). (*See id.*; Dkt. 28 at 2). As such, counsel's requested fee of $18,498.00 falls within the statutory 25% cap.

The Court further finds the requested fee is not an amount so large as to be a windfall to counsel. The Commissioner notes that the requested fee would result in "a *de facto* hourly rate of $249.80 ($18,498.00 divided by 74.05 hours)." (Dkt. 28 at 2). Counsel's effective hourly rate falls well below the range of rates under § 406(b) approved by courts. *See Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at *2-3 (W.D.N.Y. July 10, 2018) (approving *de facto* hourly rate of $1,000.00); *Cieslik v. Berryhill*, No. 14-CV-430-A, 2018 WL 446218, at *3 (W.D.N.Y. Jan. 17, 2018) (approving *de facto* hourly rate of $792.45); *Rita M. B. v. Berryhill*, No. 5:16-CV-0262 (DEP), 2018 WL 5784101, at *6 (N.D.N.Y. Nov. 5, 2018) (approving *de facto* hourly rate of $644.48).

The Court also finds the remaining relevant factors weigh in favor of finding that counsel's requested fee is reasonable. There is no evidence of fraud or overreaching in the

making of the agreement. Additionally, counsel was not responsible for any delay. Further, counsel has provided effective representation. Despite having his application for benefits initially denied, due to counsel's efforts, Plaintiff secured a recovery of past-due benefits in the amount of $97,992.00. (Dkt. 26-1 at 42). The Court also notes that counsel is required to return the previously awarded EAJA fee of $13,750.00. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee...."). Accordingly, in light of the above, the Court finds counsel's requested fee is reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's § 406(b) motion (Dkt. 26) for attorneys' fees is granted, and the Court hereby orders as follows: (1) Counsel for Plaintiff shall be paid attorneys' fees in the amount of $18,498.00, out of funds withheld from Plaintiff's past due benefits; and, (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $13,750.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED: October 4, 2019
Rochester, New York